UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ORLANDO DEJUAN DENAE
MITCHELL,

    Plaintiff,

    v.

SOUTH BEND POLICE DEPARTMENT,
et al.,

    Defendants.

CAUSE NO. 3:19CV338-PPS/MGG

OPINION AND ORDER

Orlando Dejuan Deane Mitchell, a prisoner without a lawyer, filed a complaint (ECF 1) against the South Bend Police Department, Mayor Pete Buttigieg, Chief of Police Scott Ruczkowski, and Officer Morgan, after Mitchell sustained injuries following an encounter with Officer Morgan. A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mitchell alleges that, on May 3, 2019, he called 911 to request that an officer remove an individual from his home. When Officer Morgan arrived in response to

Mitchell's call, Officer Morgan became aggressive, pushed his way onto Mitchell's enclosed porch, and ultimately slammed Mitchell down in a manner that injured his neck. Mitchell was transported to the hospital and x-rays revealed that he had a fracture in his neck. "A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). The question is whether the totality of the circumstances justifies the officers' actions. *Graham*, 490 U.S. at 396. Here, additional fact finding may demonstrate that the force used against Mitchell was objectively reasonable, but giving Mitchell the inferences to which he is entitled at this stage of the case, I find that he has stated a claim of excessive force against Officer Morgan based on the May 3, 2017, incident.

Mitchell has also sued the South Bend Police Department. Because the Police Department has no separate legal existence from the City of South Bend, the police department is not a suable entity. *See Fain v. Wayne Cty. Auditor's Office*, 388 F.3d 257, 261 (7th Cir. 2004); *Argandona v. Lake Cty. Sheriff's Dep't*, 2007 WL 518799, at *3 (N.D. Ind. 2007). Therefore, Mitchell cannot proceed against the South Bend Police Department.

Mitchell has sued Mayor Buttigieg, but he cannot be held liable to Mitchell in his individual capacity because he was not personally involved in arresting Mitchell. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

To the extent that Mitchell is suing Mayor Buttigieg in his official capacity, the claim is "tantamount to a claim against the government entity itself." *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007)(citations omitted). Mitchell could sue the City of South Bend, asserting a claim against the municipality under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). But municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Id.* at 694. For liability to attach against a municipality under § 1983, a plaintiff must show that "*deliberate* action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997) (emphasis in original). "Municipal liability under § 1983 attaches where — and only where — a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pemaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Because Mitchell does not allege that Officer Morgan used excessive force on him as a result of an official policy or custom established by the City of South Bend, I cannot permit him to proceed against Mayor Buttigieg in his official capacity, either.

Mitchell has sued Chief of Police Scott Ruczkowski because he supervises Officer Morgan. As already explained, if Chief Ruczkowski was not personally involved in the use of excessive force against Mitchell, then he cannot be held liable to Mitchell. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Mitchell has not alleged that Chief of Police Scott Ruczkowski participated in the incident. Therefore, I cannot permit him to proceed on this claim.

ACCORDINGLY, the court:

(1) GRANTS Orlando Dejuan Denae Mitchell leave to proceed against Officer Morgan for compensatory and punitive damages for using excessive force against him on May 3, 2017, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the South Bend Police Department, Mayor Pete Buttigieg, and Chief of Police Scott Ruczkowski;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Morgan at the South Bend Police Department with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Morgan to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 13, 2019.        /s/ Philip P. Simon
                                    UNITED STATES DISTRICT JUDGE