UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ORLANDO DEJUAN DENAE MITCHELL,

    Plaintiff,

    v.

SOUTH BEND POLICE OFFICER JOSHUA
MORGAN,

    Defendant.

CAUSE NO. 3:19-cv-338 DRL-MGG

OPINION & ORDER

This case involves an incident whereby Officer Joshua Morgan detained Orlando Mitchell at his residence. Mr. Mitchell claims that Officer Morgan used excessive force by "slamming" him into the ground. Officer Morgan says Mr. Mitchell merely slipped in mud while being lawfully detained. Officer Morgan has now moved for summary judgment. Because a triable issue remains on this Fourth Amendment claim, the court denies the motion.

BACKGROUND

On May 3, 2017, Mr. Mitchell called emergency services to remove a woman (identified as Ms. Hasan) from his residence. Officer Morgan and two other South Bend police officers responded. Officer Morgan declined to remove her.

The parties dispute what happened next. Mr. Mitchell says Officer Morgan became increasingly aggressive and argumentative after refusing to remove Ms. Hasan from the home. This escalated to the point where Officer Morgan allegedly pushed his way onto the property, grappled with Mr. Mitchell, and "slammed" him to the ground on his neck. Mr. Mitchell says he cried out in "excrutiating [sic] pain." He was handcuffed and required medical attention. At the hospital, he says he was diagnosed with a bone fracture and had to wear a neck brace following his visit.

Officer Morgan tells a different story. He claims that, as he spoke with Ms. Hasan, Mr. Mitchell became increasingly upset and agitated, that Mr. Mitchell stood closely behind Ms. Hasan, and that Mr. Mitchell physically prevented Ms. Hasan from returning inside the home by holding the door shut. Officer Morgan says he attempted to clear the way for Ms. Hasan to reenter the home by pushing the door out of Mr. Mitchell's hand, after which Mr. Mitchell moved to the home's interior and stood in a way that would impede her ability to enter the home. Officer Morgan, attempting to prevent an altercation between the two individuals, says he grabbed Mr. Mitchell, turned him around, and temporarily handcuffed him. While escorting Mr. Mitchell to the patrol vehicle, Mr. Mitchell stepped in mud, slipped, and fell to the ground, complaining of injuries while being uncooperative. An ambulance then transported him to the hospital.

STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). The court must construe all facts in the light most favorable to the non-moving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491-92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

In performing its review, the court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Nor is the court "obliged to research and construct legal arguments for parties." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a

trial." *Id.* The court must grant a summary judgment motion when no such genuine factual issue—a triable issue—exists under the law. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011).

## DISCUSSION

The Fourth Amendment protects individuals from unreasonable seizures, *see* U.S. Const. amend. IV, which includes protection from seizures where officers use excessive force. *See Graham v. Connor*, 490 U.S. 386, 388 (1989). To ascertain whether excessive force was used, the issue is "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. "This inquiry involves 'a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005) (quoting *Graham*, 490 U.S. at 396). There is not a "precise definition or mechanical application" for this analysis; instead, it depends on a variety of facts and circumstances, such as the severity of the alleged crime, the threat to the safety of the officers or the public, and whether the suspect is actively evading or resisting arrest. *Id.*

The parties here offer contradictory versions of the facts. Officer Morgan says this court should disregard Mr. Mitchell's recitation of the facts based on this circuit's holding in *Smith v. City of Chicago*, 242 F.3d 737, 743-44 (7th Cir. 2001), where the court affirmed the grant of summary judgment in favor of a police officer on an excessive force claim. In *Smith*, this circuit clarified that the court considers the officer's point of view and assesses his reasonableness objectively, even if his subjective conclusions regarding the suspect's actions were incorrect. *Id.* Thus, when officers in *Smith* mistakenly believed that an individual committed a traffic violation and was attempting to flee (even though the individual claimed he didn't commit the violation, hear their siren, or know they wanted him to pull over), their use of force was justified because a reasonable officer would have thought that the individual committed the traffic violation and was trying to flee. *Id.* at 744. The court relied on the

objective facts before it and would not consider the arrestee's subjective beliefs. *Id.* Because none of the facts from the arrestee would have changed the court's reasonableness analysis, the court granted summary judgment in favor of the officer on that point. *Id.*

No matter other facts that might fall within the guidance of *Smith*, genuine triable issues remain here: for instance, Mr. Mitchell says Officer Morgan slammed him onto the ground intentionally, and Officer Morgan says Mr. Mitchell fell in a mud puddle; and Mr. Mitchell says he didn't raise his fist or threaten anyone, when Officer Morgan says he did. These aren't mere differences in subjective belief. They are objective factual contradictions that bear on the determination of whether the officer's conduct was reasonable under the Fourth Amendment. The court cannot make its own credibility determination here. *See Johnson v. Rimmer*, 936 F.3d 695, 705-06 (7th Cir. 2019).

## CONCLUSION

At this stage, the court is obligated to view the facts in the light most favorable to Mr. Mitchell. *Bellaver*, 200 F.3d at 491-92. Taking the facts in that light, a genuine triable issue remains on whether Officer Morgan used excessive force. Accordingly, the court DENIES the motion for summary judgment (ECF 26).

SO ORDERED.

July 21, 2020                                           *s/ Damon R. Leichty*
                                                        Judge, United States District Court